MANATT, PHELPS & PHILLIPS, LLP
JILL M. PIETRINI (Bar No. CA 138335)
  e-mail: jpietrini@manatt.com
PAUL A. BOST (Bar No. CA 261531)
  e-mail: pbost@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Plaintiff*
MERCURY INSURANCE SERVICES, LLC

JS-6

FILED
CLERK, U.S. DISTRICT COURT
MAY 18 2010
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| MERCURY INSURANCE SERVICES, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>MERCURY COLLISION CENTER, INC., a California corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV10-0144 CBM (AJWx)<br><br>**STIPULATED JUDGMENT** |

IT IS HEREBY STIPULATED by and between plaintiff Mercury Insurance Services, LLC, a California limited liability company ("Mercury Insurance"), and Defendant Mercury Collision Center, Inc., a California corporation ("Defendant"), that a Judgment shall be entered to fully and finally dispose of this civil action and that the Judgment be as follows:

WHEREAS, on January 8, 2010, Mercury Insurance filed its Complaint in this civil action against Defendant, which was served on Defendant on January 27,

| | |
|---|---|
| 1 | 2010; |
| 2 | WHEREAS, in the Complaint, Mercury Insurance alleged that it is the owner |
| 3 | of the following registered and/or common law trademarks and service marks |
| 4 | (collectively "the MERCURY Marks"): |
| 5 |     a.    The mark MERCURY INSURANCE COMPANY, which is the |
| 6 | subject of U.S. Trademark Reg. No. 3,273,138, for insurance services, namely |
| 7 | insurance underwriting services in the field of property and casualty insurance; and |
| 8 | insurance agencies; |
| 9 |     b.    The mark MERCURY INDEMNITY CO., which is the subject |
| 10 | of U.S. Trademark Reg. No. 2,939,082, for insurance services, namely insurance |
| 11 | underwriting services in the field of property and casualty insurance; and insurance |
| 12 | agencies; |
| 13 |     c.    The mark MERCURY INSURANCE GROUP, which is the |
| 14 | subject of U.S. Trademark Reg. No. 3,273,137, for insurance services, namely |
| 15 | insurance underwriting services in the field of property and casualty insurance; and |
| 16 | insurance agencies; |
| 17 |     d.    The mark MERCURY NATIONAL INSURANCE COMPANY, |
| 18 | which is the subject of U.S. Trademark Reg. No. 3,550,527, for insurance services, |
| 19 | namely, insurance underwriting services in the field of property and casualty |
| 20 | insurance; and insurance agencies; |
| 21 |     e.    MERCURY CASUALTY COMPANY, which is the subject of |
| 22 | U.S. Trademark Reg. No. 3,273,140, for insurance services, namely insurance |
| 23 | underwriting services in the field of property and casualty insurance; and insurance |
| 24 | agencies; |
| 25 |     f.    The mark MERCURY INSURANCE GROUP & Design, which |
| 26 | is the subject of U.S. Trademark Reg. No. 2,827,104, for insurance services, |
| 27 | namely insurance underwriting services and insurance agency services in the field |
| 28 | of property and casualty insurance, and which includes the following design |

element:



  g. The M Design, which is the subject of U.S. Trademark Reg. No. 2,785,829, for insurance services, namely insurance underwriting services and insurance agency services in the field of property and casualty insurance, and which consists of the following design element (which is referred to herein as the "M Design"):

  h. The common law marks MERCURY, MERCURY INSURANCE COMPANY, MERCURY INDEMNITY CO., MERCURY INSURANCE GROUP, MERCURY NATIONAL INSURANCE COMPANY, MERCURY CASUALTY COMPANY, MERCURY INSURANCE GROUP & Design, and the M Design as used in the commercial field of insurance services; and

  i. The color maroon as used in conjunction with any of the above marks;

WHEREAS, in the Complaint, Mercury Insurance alleged that Defendant was using one or more of the MERCURY Marks in interstate commerce in the field of automotive repairs without the consent of Mercury Insurance;

WHEREAS, on March 12, 2010, the Clerk of Court entered a default against Defendant for failure to file an Answer or other response to the Complaint;

WHEREAS, Mercury Insurance and Mercury Collision have entered into a settlement agreement (the "Settlement Agreement") with the mutual intention of resolving all disputes between them which arise from the allegations of the Complaint;

WHEREAS, this Court has jurisdiction over the subject matter of this controversy pursuant to 15 U.S.C. § 1121(a) (Lanham Act jurisdiction), 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (trademark jurisdiction);

THE COURT HEREBY ORDERS, ADJUDGES AND DECREES:

1. <u>Default</u>. For purposes of entering this Judgment, the default entered by the Clerk of Court against Defendant is hereby set aside.

2. <u>Permanent Injunction</u>. Defendant and its past and present officers, directors, servants, employees, partners, parent entities, subsidiaries, affiliates, representatives, licensees, related companies, shareholders, successors, assigns, attorneys and agents, and all persons in active concert or participation with Defendant or with any of the foregoing, are hereby permanently enjoined from:

    a. Promoting, importing, advertising, publicizing, distributing, displaying, offering for sale or selling any good or service under the mark MERCURY COLLISION CENTER or any of the MERCURY Marks or the word MERCURY or the M Design, or any other mark, name, symbol or logo which is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any good or service that Defendant caused to enter the stream of commerce is sponsored, licensed or endorsed by Mercury Insurance, is authorized by Mercury Insurance, or is connected or affiliated in some way with or endorsed by Mercury Insurance;

    b. Promoting, importing, advertising, publicizing, distributing, displaying, offering for sale or selling any good or service under any of the MERCURY Marks or any other mark, name, symbol or logo that is a copy or colorable imitation of, which incorporates or which is confusingly similar to any of the MERCURY Marks;

    c. Offering, selling, promoting, displaying, advertising or

publicizing any goods or services under any of the MERCURY Marks or any other design, mark, name, symbol or logo which is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that Defendant's businesses, goods or services are sponsored or endorsed or authorized by Mercury Insurance or are connected or affiliated in some way with or endorsed by Mercury Insurance;

d.  Falsely implying Mercury Insurance's endorsement of Defendant's commercial activities or goods or services;

e.  Engaging in any act or series of acts which, either alone or in combination, constitutes unfair competition with Mercury Insurance and/or otherwise interfering with or injuring any of the MERCURY Marks or the goodwill associated therewith;

f.  Engaging in any act which dilutes or is likely to dilute the distinctiveness of any of the MERCURY Marks or which injures or is likely to injure Mercury Insurance's business reputation;

g.  Representing or implying that Defendant is in any way sponsored by, affiliated with, endorsed by or licensed by Mercury Insurance;

h.  Assisting, inducing, aiding or abetting any person or business entity in engaging in or performing any of the activities referred to in sub-paragraphs (a) to (g), inclusive, above.

3.  <u>Name Change</u>.  Within ten court days of entry of this Judgment, to the extent not already completed, Defendant shall change its corporate and/or business name and it, and/or its successor(s), shall operate and hold itself out under a name which does not include the word MERCURY, the M Design, the color maroon or any name, word, symbol, logo, color or combination thereof which is confusingly similar to any of the MERCURY Marks.

5

4.   <u>Destruction of Infringing Articles</u>.  Within ten court days of entry of this Judgment, and to the extent not already completed, Defendant shall: (a) destroy all movable physical objects (including, without limitation, flyers, newsletters, calendars or other promotional items) which incorporate the word MERCURY or the M Design; (b) delete or alter all electronic media under its control (including, without limitation, all web pages and metatags) so as to remove all instances of the word MERCURY and/or of the M Design; and (c) destroy, erase, repaint or alter all immovable physical objects (including, without limitation, buildings with painted signage) so as to remove all uses of the word MERCURY or the M Design.

5.   <u>Proof of Compliance</u>. Within fifteen court days of entry of this Judgment, Defendant shall serve upon Mercury Insurance a declaration under penalty of perjury that it has complied with the terms of this Judgment, including the destruction of infringing articles.

6.   <u>Attorneys' Fees and Costs</u>.  Each party shall bear its own attorneys' fees and costs incurred in this civil action.

7.   <u>Violation of Judgment – Contempt of Court</u>.  In the event that any part of this Judgment is violated by Defendant, or by any of its present or former officers, directors, agents, servants, employees, shareholders, partners or representatives, or by any person in active concert and participation with Defendant that receives notice of this Judgment, Mercury Insurance may file and serve a motion for contempt seeking damages, attorneys' fees and/or other appropriate relief.

8.   <u>Violation of Judgment – Liquidated Damages</u>.  Mercury Insurance and Defendant stipulate that it would be impracticable or extremely difficult to determine the exact amount of monetary damages which Mercury Insurance would suffer if Defendant violated any of its obligations memorialized in this Judgment. Mercury Insurance and Defendant therefore stipulate that, in the

event that this Court (or other competent tribunal) finds that Defendant has violated this Judgment, Defendant shall owe to Mercury Insurance liquidated damages in the sum of Thirty-Five Thousand Dollars (US$35,000) per discrete violation. Mercury Insurance and Defendant stipulate that this amount of liquidated damages is reasonable under the circumstances existing at the time that this Judgment was submitted to the Court and at the time that the underlying Settlement Agreement was made. In the event that Mercury Insurance seeks monetary damages in recompense for one or more violations of this Judgment by Defendant, the above-specified liquidated damages shall be Mercury Insurance's exclusive method for obtaining and calculating monetary damages (which shall be separate and apart from an award of attorneys' fees and/or costs).

9. <u>Violation of Judgment -- Prevailing Party Fees and Costs</u>. In an action or proceeding based upon an allegation that a party has violated this Judgment, the prevailing party shall be entitled to recover all of its reasonable attorneys' fees, expert witness fees and other costs incurred in connection with the action or proceeding. This paragraph shall not be construed to limit any party's rights, remedies or procedural options.

10. <u>Inducement</u>. As a material inducement for Mercury Insurance's assent to this Judgment, third party Angel Sanchez (a) hereby acknowledges that he is the person who at all relevant times controlled Defendant and (b) hereby agrees to be personally bound by all of the terms and conditions of this Judgment which bind Defendant, including, without limitation, the permanent injunction and the provision regarding liquidated damages for violation of this Judgment.

11. <u>No Admission of Liability</u>. By stipulating to this Judgment, Defendant does not admit liability for or the validity of any of Mercury Insurance's claims; Defendant expressly denies all of Mercury Insurance's claims;

7

and this Judgment shall not be interpreted as a determination of unlawful conduct by Defendant.

12. <u>Strict Compliance</u>. In order to satisfy this Judgment, Defendant must strictly comply with all provisions of this Judgment, and substantial compliance shall not be a defense by Defendant to a claim that Defendant has failed to comply with an obligation under this Judgment.

13. <u>Binding Effect</u>. This Judgment shall be binding upon and inure to the benefit of the parties and all successors, assigns, parent entities, subsidiaries, officers, directors, shareholders, agents, affiliates, and all entities which are "related companies" within the meaning of 15 U.S.C. § 1055, and on all persons that receive notice of this Judgment.

14. <u>Continuing Jurisdiction</u>. This Court shall retain jurisdiction to enforce this Judgment and the Settlement Agreement.

15. <u>No Territorial Limit</u>. This Judgment shall be enforceable against Defendant for any acts that violate this Judgment that occur inside and/or outside of the United States of America.

16. <u>Bond</u>. To the extent that this Court has previously ordered Mercury Insurance to post a bond, the bond requirement is discharged.

17. <u>Final Judgment</u>. This Judgment shall be a final adjudication of all claims alleged by Mercury Insurance in this civil action, and this Judgment is not appealable.

IT IS SO ORDERED:

Dated: 5/18/10

HON. CONSUELO B. MARSHALL
UNITED STATES DISTRICT COURT

1 | *Approved as to content and form:*
2 | MERCURY INSURANCE SERVICES, LLC
   | *Plaintiff*
3 |
4 | By: [signature]   Date: 4/20/2010
5 | Name: Joseph B. Miller
6 | Title: Corporate Counsel
7 |
8 | MICHAEL COLLISION CENTER, INC.,
   | fka Mercury Collision Center, Inc.
9 | *Defendant*
10 |
11 | By: [signature]   Date: 4/15/10
12 | Name:
13 | Title:
14 |
15 | ANGEL SANCHEZ
16 | *Third Party*
17 |
18 | [signature]   Date: 4/15/10
19 |
20 |
21 | *Approved as to form:*
22 |
23 | MANATT, PHELPS & PHILLIPS, LLP
24 | By: [signature]   Date: 4/29/10
25 | Jill M. Pietrini
   | *Attorneys for Plaintiff*
26 | Mercury Insurance Services, LLC